IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

C.A. NO. 5:12-CV-147

| | |
|---|---|
| JARRETT LITTLE and CINDY LITTLE, as guardians and natural parents of LINDSEY LITTLE, <br><br> PLAINTIFFS, <br><br> vs. <br><br> ALONZO K. McCLURE, ALEX LEE, INC., MERCHANTS DISTRIBUTORS, INC. OF NORTH CAROLINA, MERCHANTS TRANSPORT OF HICKORY, INC., and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, <br><br> DEFENDANTS. | **NOTICE OF REMOVAL** |

Pursuant to Title 28, United States Code Sections 1441 and 1446, the Defendants ALONZO K. McCLURE, ALEX LEE, INC., MERCHANTS DISTRIBUTORS, INC. (incorrectly identified as Merchants Distributors, Inc. of North Carolina), MERCHANTS TRANSPORT OF HICKORY, INC., and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT (collectively "Defendants") hereby give notice of the removal of the above-captioned action to the United States District Court for the Middle District of Georgia, Macon Division. The basis for this removal is that this Court possesses original subject matter jurisdiction over this action pursuant to Title 28, United States Code Section 1332. In support of this Notice of Removal, Defendants would aver and state the following:

2

1.)   On March 27, 2012, Plaintiffs filed an action in the State Court of Bibb County, Georgia, which was assigned Civil Action No. 79673. (the " State Action") alleging causes of action arising out of a motor vehicle accident occurring in Interstate 16 in Bibb County.  A true and correct copy of the Summons and Complaint is attached hereto as **EXHIBIT A**.  Upon information and belief, this constitutes all pleadings filed and/or served in the State Action as of the date of removal.

2.)   Defendants Alonzo K. McClure, Merchants Distributors, Inc., Merchants Transport of Hickory, Inc., and The Travelers Indemnity Company of Connecticut were served with a copy of the Summons and Complaint between April 3 and April 6, 2012, along with Plaintiffs' First Interrogatories, Requests for Production of Documents, and Requests for Admissions. Defendant Alex Lee, Inc. has not yet been served, but has received a copy of Plaintiffs' Complaint and discovery requests.

3.)   In addition, Defendants received a copy of a Motion and Order for Inspection of Motor Vehicle executed by the Honorable J. Taylor Phillips on March 27, 2012. True and correct copies of said Motion and Order are attached hereto as **EXHIBIT B**.  This, along with EXHIBIT A, constitutes all pleadings, motions or orders filed in this matter as of the date of removal.

4.)   At the time Plaintiffs' Complaint was served and as of the date of removal, Plaintiffs were, upon information and belief, citizens and residents of the State of Georgia.

5.)   At the time Plaintiffs' Complaint was served and as of the date of removal, Defendant Alonzo K. McClure was a citizen and resident of the State of North Carolina.

6.) At the time Plaintiffs' Complaint was served and as of the date of removal, Defendant Alex Lee, Inc. was a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in North Carolina.

7.) At the time Plaintiffs' Complaint was served and as of the date of removal, Defendant Merchants Distributors, Inc. was a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in North Carolina.

8.) At the time Plaintiffs' Complaint was served and as of the date of removal, Defendant Merchants Transport of Hickory, Inc. was a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in North Carolina.

9.) At the time Plaintiffs' Complaint was served and as of the date of removal, Defendant The Travelers Indemnity Company of Connecticut was a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.

10.) Accordingly, pursuant to Title 28, United States Code Section 1332(a), there is complete diversity of citizenship among the parties.

11.) Plaintiffs' Complaint does not contain a sum-specific demand, but alleges "terrible and debilitating injuries" as a result of the accident concerned in the present matter. More specifically, Plaintiffs allege that Lindsey Little was seriously injured when she jumped from her moving vehicle that had allegedly been struck and was subsequently dragged and crushed by a tractor trailer driven by Defendant McClure and have refused to stipulate as to damages less than $75,000.00. Accordingly, Defendants are informed and believe that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.) Because this action is of a civil nature and involves a controversy wholly between citizens of different states and the amount in dispute exceeds the sum of $75,000.00, exclusive of interest and costs, this lawsuit is one over which the United States District Court of the Middle District of Georgia has original jurisdiction under Title 28, United States Code Section 1332. Diversity jurisdiction existed at the time the Complaint was filed, has existed since that time, and exists at the time of the filing of the within Notice of Removal.

13.) Defendants are informed and believe that, since the United States District Court for the Middle District of Georgia, has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), this case is removable to Federal Court pursuant to 28 U.S.C. § 1441(a).

14.) Defendants are informed and believe that the United States District Court for the Middle District of Georgia, Macon Division, is the proper venue for this action.

15.) Contemporaneously with this Notice of Removal, Defendants are filing a notice with the Clerk of the State Court of Bibb County, Georgia, indicating that the State Action is being removed to the United States District Court for the Middle District of Georgia, Macon Division, in accordance with 28 U.S.C. § 1446(d).

16.) Defendants submit this Notice of Removal without waiving any defenses to the claims and allegations asserted by Plaintiffs, or conceding that Plaintiffs have asserted claims upon which relief may be granted.

WHEREFORE, the Defendants respectfully ask this Court to accept this Notice, to cause this entire suit to be docketed in this Court, and that this Court proceed to the final determination of this suit.

Respectfully submitted,

                        SMITH MOORE LEATHERWOOD, LLP

                        s/ Kurt M. Rozelsky
                        Kurt M. Rozelsky (Bar No. 617932)
                        300 East McBee Avenue, Suite 500
                        P.O. Box 87, Greenville, SC 29602
                        Telephone: (864) 242-6440
                        Facsimile: (864) 240-2475
                        kurt.rozelsky@smithmoorelaw.com
                        *Attorneys for Defendants Alonzo K. McClure, Alex Lee, Inc., Merchants Distributors, Inc., Merchants Transport of Hickory, Inc., and The Travelers Indemnity Company of Connecticut*

Greenville, South Carolina

April 27, 2010