**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **JARRETT LITTLE and CINDY LITTLE,** ) | |
| **as guardians and natural parents of** ) | |
| **LINDSEY LITTLE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:12-CV-147 (MTT)** |
| ) | |
| **ALONZO K. McCLURE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Before the Court is the Plaintiffs' motion for sanctions. (Doc. 43). The Plaintiffs

contend the Defendants effectively destroyed Defendant Alonzo McClure's hands free

cellphone device when McClure returned it to the manufacturer in May 2012, thereby

depriving them of the ability to rebut McClure's claim that the device malfunctioned.

They seek sanctions for spoliation of evidence.   For the following reasons, the motion is

**GRANTED**.

### I. BACKGROUND

This case arises out of a motor vehicle accident that occurred on February 20,

2012 at the intersection of I-16 West and I-75 North in Macon, Georgia. On March 2,

2012, Defendant McClure, the driver of the tractor-trailer involved in the collision,

received notice from the Plaintiffs' counsel of a claim for personal injury. (Doc. 43-1).

Defendants Merchants Distributors Inc. ("MDI") and Alex Lee, Inc., McClure's

employers, received notice from the Plaintiffs' counsel of the need to preserve evidence

relating to the accident on March 1, 2012 and March 7, 2012, respectively. (Doc. 43-2).

Though the spoliation letters did not specifically reference McClure's cellphone or hands free device, they did request that all evidence related to the accident be preserved, including McClure's cellphone records.  (Doc. 43-2 at 1, 5).  The Plaintiffs sued the Defendants in the State Court of Bibb County on March 27, 2012, and the Defendants removed the action to this Court on April 27, 2012.  (Doc. 1).

The Plaintiffs contend McClure was on his cellphone at the time of the wreck based on his cellphone records.  In his deposition on October 4, 2012, McClure maintained he hung up the phone about a minute and a half before the collision.  (Doc. 59 at 65:19-21)[1]  McClure explained the discrepancy between his recollection of events and the cellphone records by stating he was having problems with his hands free device and it must have failed to disconnect the call.  (Doc. 59 at 87:12-88:8).  However, the device is not available for inspection because, McClure says, he returned it to the manufacturer in late April or early May 2012.  (Doc. 59 at 89:7-22).

## II. DISCUSSION

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009) (internal quotation marks and citation omitted).  Federal courts have broad discretion to impose spoliation sanctions against litigants as part of their inherent power to manage their own affairs. The party seeking spoliation sanctions must prove that the missing evidence existed at one time; that the alleged spoliator had a duty to preserve the evidence; and that the evidence was crucial to the party's case.  *In re Delta/AirTran Baggage Fee Antitrust*

---

[1] The page numbers used are the deposition page numbers, as opposed to the CM/ECF document page numbers, because there are four deposition pages per CM/ECF document page.

*Litig.*, 770 F. Supp. 2d 1299, 1305 (N.D. Ga. 2011).  The Plaintiffs have met their burden.

If spoliation has occurred, the Court must decide whether sanctions are warranted and if so, what sanction to impose.  Federal law governs the imposition of spoliation sanctions, even in cases where jurisdiction is predicated on diversity of citizenship.  *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005).  Due to the lack of specific guidelines in federal law, the court in *Flury* looked to factors considered under Georgia law: "(1) whether the [party seeking sanctions] was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the [spoliator] acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence was not excluded."[2]  *Id.* at 945.  The Court may sanction the spoliator by dismissing the case or giving an adverse jury instruction on spoliation of evidence which raises a presumption against the spoliator.  *Id.*

The degree or nature of bad faith necessary for the imposition of spoliation sanctions is not entirely clear.  The Eleventh Circuit has said that the "key to unlocking a court's inherent power [to sanction spoliation] requires a finding of bad faith."  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).  Thus, even though other factors supporting a finding of spoliation may be present, "an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith."  *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997) (per curiam).  Yet in *Flury*, the Eleventh Circuit held that bad faith was only a factor to consider, leading at least one district court to conclude that the Eleventh Circuit no

---

[2] The fifth factor is not at issue in this case.

longer strictly requires proof of bad faith as an essential element of spoliation.  *See Brown v. Chertoff*, 563 F. Supp. 2d 1372, 1381 (S.D. Ga. 2008).  Other district courts have rejected this interpretation of *Flury*.  *See Woodard v. Wal-Mart Stores East LP*, 801 F. Supp. 2d 1363, 1372 (M.D. Ga. 2011); *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F. Supp.. 2d 1317, 1328 & n.16 (S.D. Fla. 2010).  While the degree of bad faith necessary to impose sanctions may not be entirely clear, it is clear that simple negligence is not enough but actual malice is not required.  *See, e.g., Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009) (noting that malice is not required for finding of bad faith); *Bashir*, 119 F.3d at 931 (holding that more than "mere negligence" in losing or destroying evidence is required to sustain an inference of consciousness of a weak case); *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 2009 WL 982460 at *7 (S.D. Fla. 2009) (finding even "grossly negligent" conduct insufficient to support finding of bad faith).

As noted, the Eleventh Circuit in *Flury* looked to Georgia law for guidance in defining the elements of spoliation and, in the process, arguably diminished the role of bad faith in spoliation analysis.  Subsequent to *Flury*, in *AMLI Residential Properties., Inc. v. Georgia Power Co.*, 293 Ga. App. 358, 667 S.E.2d 150 (2008), the Georgia Court of Appeals held that spoliation sanctions may be appropriate even when the spoliator has not acted in bad faith.  Nevertheless, the court made clear that the relative culpability of the parties is important.  The court contrasted, on the one hand, " 'the accidental, random, or unintended dissipation of evidence by persons having no interest in its preservation,' " with, on the other hand, those cases in which " 'a party knowledgeable of litigation strategy, tactics, and policies ... acted unfairly to preclude

the opportunity of an adversary to be apprised of the existence of a defense to a plaintiff's claims.' " *AMLI*, 293 Ga. App. at 363, 667 S.E.2d at 155 (quoting *N. Assurance Co. v. Ware*, 145 F.R.D. 281, 284 (D. Me.1993)).  This would explain the Eleventh Circuit's decision in *Flury*.  While the plaintiff in *Flury* may not have acted in bad faith when he destroyed the automobile that was the subject of his products liability claim, he nevertheless unfairly deprived the defendant of an opportunity to adequately defend its interests.  *See also Graff*, 310 F. App'x at 301-02 (affirming the exclusion of the results of destructive testing of critical evidence when the defendants were not present for the testing and, because of its destruction, had no opportunity to perform their own tests).

As a practical matter, notice of the need to preserve the evidence is critical; it is difficult to assign blame for the destruction of evidence when a party had no reason to know the evidence needed to be preserved.  Hence, it is common for lawyers to send spoliation letters to potential adverse parties at the earliest possible moment as the Plaintiffs did in this case.  Generally, it is difficult to argue good faith when evidence is destroyed after the receipt of such clear notice.

The Court concludes the factors weigh in favor of a sanction in this case. The Plaintiffs were clearly prejudiced as a result of the destruction of McClure's hands free device.  They are essentially unable to rebut McClure's testimony about the malfunctioning device because it is no longer available for inspection.  Additionally, there is no way of curing the prejudice other than through the imposition of a sanction. Though the Defendants' counsel suggested at oral argument that, as far as anyone knows, the manufacturer still has the allegedly malfunctioning device intact, this seems

-5-

far-fetched.  The Plaintiffs certainly have no duty to search far and wide for evidence the Defendants made unavailable.

As to the requirement of bad faith, the Defendants received spoliation letters requesting they preserve all relevant evidence less than two weeks after the accident occurred.  Yet McClure returned his hands free device to the manufacturer approximately two months after the spoliation letters were received.  This is not a case of mere negligence or inadvertent misplacement.  McClure admits he sent the device back to the manufacturer.  The Defendants argue they were not aware of the need to preserve the hands free device until the Plaintiffs questioned McClure about his cellphone records during his deposition.  However, the Plaintiffs' spoliation letters, which requested that the Defendants preserve "**all evidence related to this accident**," belie this contention.  (Doc. 43-2 at 1, 5).  Moreover, it would defy common sense to conclude that a truck driver and a trucking company would not realize the significance of evidence that might prove whether a cellphone was in use at the time of a serious accident.

It is also significant that the Defendants rely on the hands free device, or at least McClure's testimony about the device, to establish that McClure was not using the phone when he drove his truck into the Plaintiff's lane of traffic.  On this point, the Defendants are no different than the plaintiffs in *Flury* and *Graff*.  In both cases, the plaintiffs claimed that the defendants' products were defective or malfunctioned. However, the plaintiffs destroyed the products and thus deprived the defendants of critical evidence to rebut the plaintiffs' claims.  In *Flury*, the court imposed the ultimate sanction of dismissal, and in *Graff*, the court excluded the results of destructive testing. The Court does not suggest that the Defendants shoulder a burden of proof like the

plaintiffs in *Flury* and *Graff*.  But they do rely on evidence to prove an important defense, and they have denied the Plaintiffs access to that evidence.

Finally, the relative culpability of the Parties supports a finding of bad faith.  The Plaintiffs were not even aware of the need to inspect the hands free device until McClure asserted he was using it to talk on the phone and it must have malfunctioned. As discussed above, the prejudice to the Plaintiffs is great because they are essentially unable to rebut this defense.  Thus, the evidence supports an inference of bad faith.

### III. CONCLUSION

The Plaintiffs' motion for sanctions (Doc. 43) is **GRANTED**.  An adverse inference jury instruction is an appropriate sanction for this violation.

**SO ORDERED,** this 31st day of July, 2014.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT