IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JARRETT LITTLE and CINDY LITTLE, as guardians and natural parents of LINDSEY LITTLE,    Plaintiffs,    v.    ALONZO K. McCLURE, *et al.*,    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 5:12-CV-147 (MTT)<br>)<br>)<br>)<br>)<br>) |

### ORDER

Before the Court is the Defendants' motion for partial summary judgment. (Doc. 38). This case arises out of a motor vehicle accident that occurred at the intersection of I-16 West and I-75 North in Macon, Georgia. At oral argument on July 11, 2014, the Court denied the Defendants' motion with regard to Plaintiff Lindsey Little's negligence per se and the Plaintiffs' claim for attorneys' fees pursuant to O.C.G.A. § 13-6-11. (Doc. 52). The Defendants have also moved for summary judgment on the Plaintiffs' direct negligence claim against Defendant Merchants Distributors, Inc. ("MDI") and on the Plaintiffs' punitive damages claims. For the following reasons, the Defendants' motion is **GRANTED in part and DENIED in part**.

### I. BACKGROUND[1]

On February 20, 2012, Defendant Alonzo McClure was driving a tractor-trailer on I-16 West toward its convergence with I-75. (Doc. 59 at 95:1-23).[2] When McClure moved

---

[1] The Defendants initially did not file a statement of material facts pursuant to Local Rule 56 and only filed one in response to the Court's Order to show cause why their motion should not be struck. Though the Plaintiffs were not required to respond to this late-filed statement of facts, the Court notes they failed to include a separate fact section in their response brief to the Defendants' motion.

his tractor-trailer from the center lane to the right lane to continue onto I-75 North, he collided with Plaintiff Lindsey Little's Honda Civic. (Doc. 61 at 50:16-17, 75:6-10). According to McClure, he checked his mirrors before changing lanes and did not see Little's vehicle. (Doc. 59 at 101:20-103:14). After McClure's tractor-trailer made contact with her car, Little climbed to the passenger seat and leapt out of the vehicle through the passenger side door. (Doc. 67 at 47:14-24, 48:17-49:11). Little's vehicle became trapped under the tractor-trailer, and McClure dragged it for some distance before stopping. (Doc. 61 at 52:14-53:14). When he came to a stop, the Civic was wedged between the truck and the guardrail. (Docs. 59 at 111:23-112:9; 61 at 110:3-7). McClure testified he thought he had been rear-ended and did not see Little's vehicle until he was pulling over to stop on the right shoulder. (Doc. 59 at 107:18-108:16, 110:12-111:4). Little's left ankle and right hand were injured in the collision. (Doc. 67 at 66:18-67:16).

    The Plaintiffs' punitive damages claim against McClure is based primarily on his cell phone use.[3] The record shows McClure talked to other MDI drivers on his cell phone while they were driving their respective routes, including some lengthy calls on the day of the collision. (Docs. 59 at 66:1-68:25, 80:1-81:13, 83:23-86:4; 55-4). According to McClure, he uses a wireless hands-free device to talk on the phone while driving. (Doc. 59 at 64:24-65:3). McClure testified he hung up the phone on his hands-free device about a minute and a half prior to the wreck, though the Plaintiffs contend McClure's cell phone records

---

[2] The page numbers reflect the deposition page numbers, as opposed to the CM/ECF page numbers.

[3] The Defendants moved in limine to exclude McClure's prior and/or subsequent cell phone use. (Doc. 33). The Court defers ruling on the motion because the outcome of the Defendants' motion for summary judgment does not turn on whether McClure was using his cell phone prior to or after the wreck.

show he was talking on his phone during the time of the wreck.  (Doc. 59 at 64:10-21, 65:19-21).[4]

Defendant MDI is McClure's employer, and Defendant Merchants Transport of Hickory, Inc. ("MTH") is the owner of the tractor-trailer McClure was driving at the time of the collision.[5]  Defendant Alex Lee, Inc. is the parent corporation of both MDI and MTH and is insured by Defendant Travelers Indemnity Company of Connecticut.  The Plaintiffs' punitive damages claim against MDI, MTH, and Alex Lee is based on their policy regarding driver cell phone use and its enforcement.  The cell phone policy states:

> Drivers operating any vehicle that requires a CDL to operate, whether company owned or non-company owned, are prohibited from using cell phones without a hands-free device while driving the vehicle on company business.  Cell phone use should be limited, but is permitted with the use of a headset if allowed by law.

(Doc. 55-3).  MDI relies on its drivers to determine when cell phone use is permissible under the circumstances but does not specifically prohibit cell phone use as long as the driver uses a hands-free device.  (Doc. 62 at 30:19-34:6).

## II. DISCUSSION

### A.  Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is not genuine unless, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party."  *Info. Sys. &*

---

[4] McClure contends his hands-free device must have malfunctioned.  (Doc. 59 at 87:12-88:8). However, as discussed in the Court's Order granting the Plaintiffs' motion for sanctions, the device is not available for inspection because McClure returned it to the manufacturer.  (Doc. 68).

[5] Based on the complaint and answer, it appears MDI owns the vehicle.  (Docs. 1-2, ¶¶ 10, 15; 8, ¶¶ 11, 16).  However, the Defendants state in their brief that MTH is the owner.  (Doc. 38-1 at 2). Because it is immaterial to the outcome, the Court assumes for purposes of the motion that MTH is the owner of the commercial vehicle.

*Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (internal quotation marks and citation omitted).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  The non-moving party does not satisfy her burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact."  *Id.* (quoting *Anderson*, 477 U.S. at 249-50).  Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion.  Fed. R. Civ. P. 56(e)(2).  However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. … The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor."  *Anderson*, 477 U.S. at 255.

### B.  Plaintiffs' Claim of Negligent Hiring, Retention, and Training[6] against MDI

MDI argues it is entitled to summary judgment on the Plaintiffs' negligent hiring, retention, and training claims because it has admitted that McClure was its employee and

---

[6] Because the Plaintiffs assert claims of negligent hiring, retention, and training in their complaint, this is how the Court refers to the claims even though the Plaintiffs refer to them as negligent entrustment, hiring, retention, and supervision in their response brief.  (Doc. 1-2, ¶ 22).

-4-

that he was acting within the course and scope of his employment at the time of the collision.  (Doc. 8, ¶ 13).  It is true that Georgia cases have repeatedly held an employer is entitled to summary judgment on its independent negligence in hiring and retaining an employee when it admits the applicability of *respondeat superior*.  *See, e.g.*, *Kelley v. Blue Line Carriers, LLC*, 300 Ga. App. 577, 580, 685 S.E.2d 479, 483 (2009); *Durben v. Am. Materials, Inc.*, 232 Ga. App. 750, 751, 503 S.E.2d 618, 619 (1998); *Bartja v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 218 Ga. App. 815, 817, 463 S.E.2d 358, 361 (1995).  The rationale is that the two claims are coextensive.  Because the employer would already be liable for the employee's negligence by virtue of the *respondeat superior* doctrine, a claim for the employer's independent negligence would not afford the plaintiff any additional recovery.  *Durben*, 232 Ga. App. at 751, 503 S.E.2d at 619.  An exception exists if there is a valid claim for punitive damages against the employer because the claims would no longer be coextensive.  *Id*.

The Plaintiffs contend both that there is a valid punitive damages claim against MDI and that the rule is no longer applicable due to Georgia's abolishment of joint and several liability through its apportionment statute.  *See* O.C.G.A. § 51-12-33.[7]  The Court finds the second argument persuasive.  Because the jury must apportion separate percentages of damages to each party at fault, the employer's liability will no longer necessarily be coextensive with the employee's simply because *respondeat superior* applies.  Under a system of joint and several liability, both the employer and employee would be liable for

---

[7] "Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall … apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution." O.C.G.A. § 51-12-33(b).

the entire amount of the plaintiff's damages if *respondeat superior* applies, regardless of whether the employer was also independently negligent. However, under Georgia's apportionment statute, an employer would be separately responsible for its degree of fault, if any, based on its independent negligence. A defendant is only liable for the percentage of a plaintiff's damages attributable to his apportioned fault, so the employee's negligence (for which the employer would be liable by virtue of *respondeat superior*) would be apportioned separately from the employer's independent negligence. *See* O.C.G.A. § 51-12-33(b).

The Defendants argue the apportionment statute does not alter the previous rule because the Georgia Court of Appeals has continued to apply it. *See Mastec N. Am., Inc. v. Wilson*, 325 Ga. App. 863, 865, 755 S.E.2d 257, 259 (2014). However, the plaintiff in *Mastec* did not argue the apportionment statute altered the analysis. Further, it is clear the apportionment statute removes the rationale for granting summary judgment on negligent hiring, retention, and training claims purely based on the employer's admission of *respondeat superior*. Thus, MDI is not entitled to summary judgment on the Plaintiffs' claims of negligent hiring, training, and retention on this ground.[8]

---

[8] For reasons not apparent to the Court, Defendants Alex Lee and MTH did not move for summary judgment on the Plaintiffs' claim of negligent hiring, retention, and training, except to the extent the Plaintiffs sought punitive damages based on that claim. It appears to the Court that the Plaintiffs joined all three Corporate Defendants in this claim because they were not sure who was responsible for McClure's hiring, retention, and training. Now that MDI has admitted that it employed McClure, the Court questions whether there is any need for Alex Lee and MTH to remain parties, notwithstanding their failure to move for summary judgment. On a more substantive level, as discussed below in conjunction with the Plaintiffs' punitive damages claim against Alex Lee, MDI, and MTH, it is clear that the failure to have and enforce a ban on cell phones is not an appropriate basis for this claim. Because the Defendants did not address this in their motion, the Court will give the Plaintiffs 14 days to file an additional brief addressing this claim. Otherwise, the Court will grant summary judgment for the Corporate Defendants.

### C. Plaintiffs' Punitive Damages Claims

The Plaintiffs have asserted punitive damages claims against all Defendants. Pursuant to O.C.G.A. § 51-12-5.1(b), "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." "Negligence, even gross negligence, is inadequate to support a punitive damage award.... [S]omething more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage." *Brooks v. Gray*, 262 Ga. App. 232, 232, 585 S.E.2d 188, 189 (2003) (internal quotation marks and citation omitted). In actions based on vehicle collisions, "punitive damages are not recoverable where the driver at fault simply violated a rule of the road." *Carter v. Spells*, 229 Ga. App. 441, 442, 494 S.E.2d 279, 281 (1997). But punitive damages are recoverable if the collision results from "a pattern or policy of dangerous driving, such as driving while intoxicated or speeding excessively." *Brooks*, 262 Ga. App. at 233, 585 S.E.2d at 189 (internal quotation marks and citation omitted).

#### 1. Defendant McClure

The Plaintiffs allege Defendant McClure's "engag[ing] in an excessive number of purely social cell phone calls, some of which lasted up to and over an hour in length" during the trip he was making when the wreck occurred and his "engaging in a purely social cell phone call over thirty minutes in length[] while driving his tractor-trailer truck through a busy and dangerous interstate interchange" constitute a basis for punitive damages. (Doc. 28, ¶¶ 28-30). In their supplemental brief, the Defendants argue that the

Plaintiffs' claim for punitive damages is foreclosed by *Lindsey v. Clinch County Glass, Inc.*, 312 Ga. App. 534, 718 S.E.2d 806 (2011).

In *Clinch County Glass*, the defendant truck driver collided with the plaintiff's car because he was searching for a number on his cell phone and did not notice traffic was stopped at the red light in front of him until it was too late to avoid the collision. Though the defendants admitted fault, they sought summary judgment on the plaintiff's claim for punitive damages. The plaintiff argued there was sufficient evidence to authorize a jury to award punitive damages because the driver frequently used his cell phone while driving even though he knew it was dangerous and admitted being distracted by looking up a number on his phone. The Court of Appeals disagreed:

> Although there was evidence that [the driver] had a pattern of regularly talking on his mobile phone while driving, as stated above, the proper use of a cell phone while driving is permissible in Georgia, and thus the evidence of mobile phone use did not, without more, establish a policy or pattern of dangerous driving.

*Id.* at 536, 718 S.E.2d at 808.[9] There was no evidence the defendant was "speeding, driving while under the influence, or that he had a history of distraction-related accidents, traffic violations, or other evidence that would show a pattern of dangerous driving or other aggravating circumstances so as to authorize an award of punitive damages." *Id.* The court left open the possibility that punitive damages could be available in a case where the defendant was distracted due to cell phone use if "there is … evidence of a policy or pattern of dangerous driving or other aggravating circumstances." *Id.* Thus, simply using a cell phone, even prolonged use, does not provide grounds for a punitive damages claim.

---

[9] In Georgia, the proper use of a cell phone is not a violation of the duty to exercise due care while operating a motor vehicle. O.C.G.A. § 40-6-241.

The Plaintiffs argue punitive damages are authorized by the aggravating circumstances of this case. Specifically, the Plaintiffs contend punitive damages are available because McClure was using his cell phone while attempting to navigate a treacherous interchange, because he was oblivious to Little's vehicle, and because he dragged the vehicle for some distance before pinning it between the truck and the guardrail.[10] Although it is a close question, the Court cannot find as a matter of law that the Plaintiffs cannot prove aggravating circumstances that would warrant an award of punitive damages. *Cf. Langlois v. Wolford*, 246 Ga. App. 209, 210, 539 S.E.2d 565, 567 (2000) ("[Wi]llful and intentional conduct is not essential to recover punitive damages, because where the facts and circumstances of the tort show an entire want of care, such conduct gives rise to a presumption of indifference to the consequences, i.e., wantonness, which is sufficient to support an award of punitive damages."). Accordingly, the Defendants are not entitled to summary judgment on the punitive damages claim against Defendant McClure.[11]

---

[10] The Plaintiffs emphasize that Little's vehicle was dragged for more than one-tenth of a mile. There are two places in the record this distance appears: (1) the Plaintiffs' questions posed to Brian Boggess, the Defendants' accident reconstructionist, during his deposition (in which Boggess states he cannot give any precise distances without his computer in front of him); and (2) McClure's estimation during his deposition of his distance from the bridge leading onto I-75 North when he began changing lanes. (Docs. 61 at 75:11-13,109:16-110:2,167:9-168:19; 59 at 114:22-115:7). Although there may be other documentation establishing how far Little's vehicle was dragged, the Plaintiffs have not cited it and the Court has not found it in the record.

[11] The Plaintiffs' alternative argument that McClure's habitual cell phone use was not "proper" under O.C.G.A. § 40-6-241 because it violated industry standards is discussed below. The Plaintiffs also contend that McClure's hours of service ("HOS") violation and cell phone use *after* the collision show aggravating circumstances warranting punitive damages. The Court disagrees. That issue will be addressed in the Court's ruling on the Defendants' pending motions in limine to exclude the HOS violation and McClure's prior or subsequent cell phone use. (Docs. 33; 34).

### 2. Defendants Alex Lee, MDI, and MTH

As to Defendants Alex Lee, MDI, and MTH ("Corporate Defendants"), the Plaintiffs contend their failure "to enforce an adequate policy regarding driver use of cell phones with full knowledge of the danger of distracted driving posed by the use of cell phones while driving"—specifically by "allow[ing] their truck drivers to engage in a pattern and practice of making excessively long purely social cell phone calls among themselves and others while driving tractor-trailer trucks in the course and scope of their employment"—constitutes a basis for punitive damages. (Doc. 28, ¶¶ 31-33). Judge Land considered and rejected a nearly identical argument in *Ellis v. Old Bridge Transport, LLC*, 2012 WL 6569274 (M.D. Ga.). As Judge Land observed, failing to ensure that an employee does not engage in conduct that "is otherwise lawful and has been found by the Georgia Court of Appeals not to demonstrate a conscious disregard for safety" is not a basis for punitive damages. *Id.* at *2. Commercial truck drivers are permitted to talk on cell phones with hands-free devices under federal law. 49 C.F.R. § 392.82. Thus, the Plaintiffs' position that the Corporate Defendants can be held liable for punitive damages based on their failure to have and enforce a ban on cell phones is without merit.

The Plaintiffs further argue that because the manner in which McClure used his cell phone was against industry guidelines, the Corporate Defendants' failure to take action to address his cell phone use supports an award of punitive damages. The Plaintiffs cite a number of sources, including the North Carolina Commercial Driver's Manual,[12] to show that McClure's pattern of "driving through major cities on hours-long social phone calls with other [MDI] drivers" was contrary to industry guidelines and thus improper. (Doc. 54 at 3).

---

[12] The Defendants have also moved to exclude the North Carolina Commercial Drivers Manual from consideration as evidence of a heightened duty of care. (Doc. 35). The Court defers discussion of the manual's admissibility until ruling on the Defendants' motion in limine.

Even if the circumstances of McClure's cell phone use were improper, this does not support a conclusion that the Corporate Defendants are subject to punitive damages.

An employer can be held liable for punitive damages based on its negligent hiring or retention if it actually knew of "numerous and serious violations on its driver's record, or, at the very least, … flouted a legal duty to check a record showing such violations." *W. Indus., Inc. v. Poole*, 280 Ga. App. 378, 380, 634 S.E.2d 118, 120-21 (2006). These circumstances are sufficient to "support a conclusion that the employer acted with such 'an entire want of care' as to 'raise [a] presumption of conscious indifference to [the] consequences.'" *Id.* (citation omitted). The Plaintiffs cite *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 435 S.E.2d 54 (1993) to show that taking no action to address a driver's habitual negligence can subject an employer to punitive damages. In that case, the defendant trucking company had actual knowledge its driver received two traffic violations in a company vehicle, and the company violated its obligation under federal regulations to check the driver's driving record. *Id.* at 828, 435 S.E.2d at 57. Had the company checked, it would have discovered "several other traffic violations on [the driver's] record, including a DUI." *Id.*

The Plaintiffs have presented no evidence the Corporate Defendants actually knew about the nature of McClure's cell phone use. They have only shown MDI did not specifically limit the circumstances of its drivers' cell phone use. Nor have the Plaintiffs presented evidence the Corporate Defendants "flouted a legal duty to check" any records that would alert them to a pattern of habitual negligence. In fact, there is no evidence of any prior distraction-related accident in the record. Therefore, the Defendants are entitled to summary judgment on the Plaintiffs' punitive damages claims against Alex Lee, MDI, and MTH.

### III. CONCLUSION

For the reasons discussed above, the Defendants' motion for partial summary judgment (Doc. 38) is **GRANTED in part and DENIED in part**.  The Plaintiffs have **14 days** to file an additional brief addressing their negligent hiring, retention, and training claim.  Otherwise, the Court will grant summary judgment for the Corporate Defendants on this claim.

**SO ORDERED,** this 29th day of August, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
