IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JARRETT LITTLE, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALONZO K. McCLURE, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:12-CV-147 (MTT) |

## ORDER

Before the Court is the Defendants' motion in limine to exclude certain opinions of David L. Strayer, Ph.D. (Doc. 36). The Defendants seek to exclude Dr. Strayer's opinions contained in his supplemental report dated October 15, 2013[1] pertaining to "industry standards or commercial motor carrier policies on the use of cell phones within the commercial transportation industry." (Doc. 36 at 2). The Defendants essentially object to Dr. Strayer's opinions about Defendant Merchants Distributors, Inc.'s ("MDI") cell phone policy for its drivers.[2]

The opinion of an expert witness who is qualified based on knowledge, skill, experience, training, or education is admissible if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

---

[1] These opinions were not included in his January 7, 2013 report. (Doc. 36-1).

[2] They do not object to his opinions on driver distraction caused by cell phone use.

> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Thus, the proponent of expert testimony must show: (1) the expert is qualified to testify competently regarding the matters the expert will address; (2) the expert's methodology is sufficiently reliable; and (3) the testimony will assist the trier of fact.  *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002) (citation omitted).  However, the Court's "gatekeeping function under Rule 702 is not intended to supplant the adversary system or the role of the jury: vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Adams v. Lab. Corp. of Am.*, 760 F.3d 1322, 1334 (11th Cir. 2014) (internal quotation marks and citation omitted).

### 1. Qualifications

The Defendants contend Dr. Strayer is not qualified to opine on commercial motor carrier cell phone policies because he has never "prepared nor overseen the preparation of a safety policy or telephone usage policy for a commercial motor carrier and has no personal knowledge of motor carrier industry standards." (Doc. 36 at 4). Dr. Strayer has a Ph.D. in experimental psychology and is a professor of psychology at the University of Utah.  His research has focused on distracted driving, including the effect of cell phone use on driver distraction.  While Dr. Strayer has not prepared a cell phone use or other safety policy for commercial motor carriers, he has given lectures on cognitive distraction to risk management groups that develop these policies for their

employees, which include trucking companies. (Doc. 65 at 151:2-152:8).[3] The National Safety Council has used Dr. Strayer's research to create a policy kit for companies to use. *Id.* Additionally, the Federal Motor Carrier Safety Administration used studies Dr. Strayer conducted as part of the data it considered in promulgating certain regulations. (Doc. 65 at 61:19-22).

The Defendants point out that the Federal Motor Carrier Safety Regulations allow commercial drivers to use cell phones with hands free devices. But that does not preclude Dr. Strayer from testifying that, based on his research, the safer approach would be for companies to adopt policies further limiting cell phone use. Similarly, Dr. Strayer is not precluded from testifying about MDI's cell phone policy simply because he has never written one. These issues are more properly the subject of cross-examination. Thus, the Court concludes Dr. Strayer is qualified to opine on the safety and effectiveness of MDI's cell phone policy.[4]

### 2. Methodology

The Defendants argue Dr. Strayer's methodology is flawed because his opinion on MDI's cell phone policy is based purely on his "*ipse dixit*." To assess whether the methodology employed is reliable, the Court must determine "whether the reasoning or methodology underlying the testimony is ... valid and [ ] whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). Relevant factors to consider in determining reliability include, but are not limited to, "(1) whether the expert's theory can be and has

---

[3] These page numbers reflect the deposition page numbers, as opposed to the CM/ECF page numbers.

[4] The Defendants also argue Dr. Strayer's testimony will not assist the trier of fact, but this is based on their conclusion he is not qualified and thus his opinions would be mere speculation.

been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010) (citing *Daubert*, 509 U.S. at 593).

Dr. Strayer considered the Defendants' cell phone policy, the testimony of MDI's safety director about the policy, and McClure's testimony and cell phone records. He then evaluated the policy and its enforcement based on his research and experience. Thus, the above factors are not really applicable. However, "there are instances in which a district court may determine the reliability prong under *Daubert* based primarily upon an expert's experience and general knowledge in the field." *Id.* at 1336. *See also Adams*, 760 F.3d at 1329-30. This is such a case. Dr. Strayer applied his experience and knowledge, garnered through his research on distracted driving and experience advising risk management companies, to evaluate MDI's cell phone policy. Therefore, the Court concludes Dr. Strayer's methodology is valid and properly applied to the facts of this case.

For the foregoing reasons, the Defendants' motion to exclude certain testimony and correspondence of Dr. Strayer is **DENIED**.

**SO ORDERED,** this 17th day of October, 2014.

                                              S/ Marc T. Treadwell
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT