IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JARRETT LITTLE, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | )  CIVIL ACTION NO. 5:12-CV-147 (MTT) |
| ALONZO K. McCLURE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

# ORDER

Before the Court is the Defendants' motion in limine to exclude certain testimony of Kevin D. Breckenridge. (Doc. 37). The Defendants object to Breckenridge's opinion that Defendant Merchants Distributors, Inc.'s ("MDI") cell phone policy for its drivers is inadequate and should take into account the recommendations of the North Carolina Commercial Drivers Manual.

The opinion of an expert witness who is qualified based on knowledge, skill, experience, training, or education is admissible if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Thus, the proponent of expert testimony must show: (1) the expert is qualified to testify competently regarding the matters the expert will address; (2) the

expert's methodology is sufficiently reliable; and (3) the testimony will assist the trier of fact. *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002) (citation omitted). However, the Court's "gatekeeping function under Rule 702 is not intended to supplant the adversary system or the role of the jury: vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Adams v. Lab. Corp. of Am.*, 760 F.3d 1322, 1334 (11th Cir. 2014) (internal quotation marks and citation omitted).

The Defendants contend Breckenridge is not qualified to opine on MDI's cell phone policy because he "has never prepared nor overseen the preparation of a safety policy or telephone usage policy for a commercial motor carrier and has no personal knowledge of motor carrier industry standards." (Doc. 37 at 4). In response, the Plaintiffs point to Breckenridge's years of experience enforcing and advising those in the motor carrier industry on the Federal Motor Carrier Safety Regulations ("FMCSR"). According to his *curriculum vitae*, Breckenridge has been involved in enforcing, overseeing the enforcement of, or advising those in the industry on the FMCSR since 1994. (Doc. 47-1 at 1-3). Breckenridge also served as a safety enforcement officer with the Tennessee Public Service Commission. (Doc. 47-1 at 3).

Clearly Breckenridge has extensive experience with regulatory enforcement and compliance. But both sides agree the FMCSR do not require the types of changes to MDI's cell phone policy Breckenridge suggests. In contrast to the Plaintiffs' other designated expert on the subject, Dr. David Strayer, there is no evidence Breckenridge has any knowledge, experience, training, or education relating to either the

development of commercial motor carrier policies in the private sector or cell phone use while driving.  Thus, the Court concludes he is not qualified to opine on MDI's cell phone policy.

Breckenridge's methodology is also insufficient.  In arriving at his conclusions, Breckenridge reviewed deposition transcripts of MDI's employees, the FMCSR, the North Carolina Commercial Drivers Manual, the National Transportation Safety Board 2011 recommendation to ban all cell phone use, and MDI's driver policy guidebook.  As discussed above, he concludes MDI's cell phone policy should take the North Carolina Commercial Drivers Manual recommendations into account.  However, there is no evidence Breckenridge has any special familiarity with the North Carolina Commercial Drivers Manual or has any basis to conclude MDI's policy should conform to it.  Unlike Dr. Strayer, who applies his own research and experience in evaluating MDI's cell phone policy, Breckenridge is not qualified to pick and choose among differing recommendations on commercial motor carrier cell phone policies.

Finally, though not raised by the Defendants, Breckenridge's opinion on MDI's cell phone policy is largely duplicative of Dr. Strayer's.  While they have different opinions on what the exact content of the policy should be, they both conclude MDI's policy is inadequate.  The difference is Dr. Strayer bases his opinion on his research on distracted driving and experience advising risk management groups who write these policies.

For the foregoing reasons, the Defendants' motion to exclude certain testimony of Breckenridge is **GRANTED**.  Breckenridge will not be permitted to testify on the adequacy of MDI's cell phone policy.

**SO ORDERED,** this 17th day of October, 2014.

                                          <u>S/ Marc T. Treadwell</u>
                                          MARC T. TREADWELL, JUDGE
                                          UNITED STATES DISTRICT COURT